# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Kirk E. Knopp, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:22-cv-00553 |
| | ) |
| v. | ) HON. JAMES G. CARR |
| | ) |
| National Railway Adjustment Board Special | ) **ORDER** |
| Board of Adjustment No. 1185, Brotherhoood | ) |
| of Locomotive Engineers and Trainmen | ) |
| General Committee of Adjustment CSX | ) |
| Transportation Northern Railroad Lines, and | ) |
| CSX Transportation, Inc., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a suit to review and set aside a National Railroad Adjustment Board decision brought under 45 U.S.C. § 153.

On May 19, 2023, I granted Defendant CSX Transportation, Inc.'s motion for summary judgment on all claims and closed the case. (Doc # 22). I entered a judgment on the same date. (Doc # 23).

On July 31, 2023, attorney Joseph Sobecki appeared on behalf of Plaintiff Kirk E. Knopp.[1] (Doc # 24). Plaintiff's new counsel filed this Motion for Relief from Judgment on the same date. (Doc # 25).

---

[1] Defendant's opposition brief notes that neither Mr. Sobecki, nor Plaintiff's previous counsel Mr. Landry or Ms. Macek, contacted Defendant's counsel in advance of Mr. Sobecki filing his appearance. Nor did any of Plaintiff's attorneys seek or obtain leave of the Court before Mr. Sobecki filed his appearance. Both are required by Northern District of Ohio Local Rule 83.9. The Court accepts that Mr. Sobecki is Plaintiff's counsel, so the issue of compliance with the local rule is now moot. However, the parties are reminded to comply with all local rules in the future.

On August 26, 2023, Defendant filed an Opposition brief. (Doc # 26). On August 21, 2023, Plaintiff filed a Reply brief. (Doc # 28).

For the reasons that follow, I deny Plaintiff's Motion.[2]

### Background

#### 1. Factual History

In my Order granting Defendant's motion for summary judgment, I set forth the background facts of this case. (Doc # 22, PageID # 686). Those facts remain unchanged and I adopt them here.

#### 2. Procedural History

On April 6, 2022, Plaintiff filed the complaint.[3] (Doc # 1). On June 9, 2022, CSX filed its Answer. (Doc # 8).

As stated above, on May 19, 2023, I granted Defendant's motion for summary judgment and closed the case. (Docs # 22, 24).

In his Motion, Plaintiff argues that I was "unwittingly misled to believe that Defendant's Motion for Summary Judgment raised and resolved all of Plaintiff's claims." (Doc # 25, PageID #

---

[2] Because this motion seeks clarity of my original order stating that I was "dismissing all claims," I forego imposing sanctions as I customarily do for motions for reconsideration. *See e.g., Banner v. Raisin Valley, Inc.*, 213 F.R.D. 520 (N.D. Ohio, 2003) (Carr, J.).

[3] Plaintiff originally sued three defendants: (1) CSX; (2) his union, Brotherhood of Locomotive Engineers and Trainmen General Committee of Adjustment CSX Transportation Northern Railway Lines; and (3) the National Railway Adjustment Board Special Board of Adjustment No. 1185 (the "Board"). Plaintiff never served his union with a copy of the Complaint. The Board filed a motion to dismiss. (Doc # 10). Thereafter, Plaintiff filed a motion to voluntarily dismiss the Board. (Doc # 11). On August 28, 2022, I granted plaintiff's motion. (*See* Minute Order Dated 8/28/2022). The Board is no longer a defendant in this case. This left only one Defendant: CSX.

698). Specifically, Plaintiff argues, Defendant's motion (and therefore this Court's Order) failed to address Plaintiff's claim that he did not receive "direct notice" of the Board's hearing adjudicating his challenge to his termination. (*Id.*, PageID # 702).

In its Opposition, Defendant argues that Plaintiff's Motion is "really one for reconsideration under [Federal Rule of Civil Procedure] 59, which is highly disfavored, time-barred, and does not encompass the arguments he makes." (Doc # 26, PageID # 714). It argues that Plaintiff's request for relief is barred by the doctrine of judicial estoppel. (*Id.*, PageID #719). Lastly, it argues that even if the Court were to overlook these barriers, Plaintiff's motion lacks merit. (*Id.*, PageID # 720).

### **Legal Standard**

Plaintiff brings his motion under Federal Rule of Civil Procedure 60(b)(1). Under Rule 60(b)(1), a Court may relieve a party from a final judgment if the party can demonstrate that there was a "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

A party must file its motion seeking relief under Rule 60(b)(1) "within a reasonable time— and … no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c)(1).

A court may, in its discretion, grant a Rule 60(b) motion. *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002). Further, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal citations omitted).

Rule 60(b) "does not allow a defeated litigant a second chance to convince the court to rule in [its] favor by presenting new explanations, legal theories, or proof." *Jinx v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

3

Defendant argues that Plaintiff's Motion is a Rule 60 motion in name only. Rather, Defendant argues, Plaintiff's motion is more accurately a motion under Federal Rule of Civil Procedure 59 to alter or amend a judgment. "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent a manifest injustice." *J.B.F. by & through Stivers v. Kentucky Dep't of Ed.*, 690 F. App'x 906, 906–07 (6th Cir. 2017).

A Rule 59(e) motion "to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Notably, "[t]he standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

## Discussion

### 1. Plaintiff's Motion is Untimely

Plaintiff characterizes his motion as one "for reconsideration" and to "amend a judgment." (Doc # 25, PageID # 699). This type of relief is normally available only under Rule 59. Plaintiff admits that "[s]ince a Rule 59 motion is unavailable," because it is untimely, he "raises the instant Motion as a motion for relief from judgment pursuant to Rule 60." (*Id.*)

The burden of establishing that Rule 60 applies is on the party seeking to invoke it. *See McCurry ex rel. Turner*, 298 F.3d at 592.

As set forth above, on May 19, 2023, I granted Defendant's motion for summary judgment and closed the case. (Docs. 22, 24). Seventy-three days later, on July 21, 2023, Plaintiff filed this Motion. While seventy-three days is within the one-year limitation applicable to Rule 60(b)(1),

4

Plaintiff has not set forth any reasons why I should conclude that this is a reasonable time.[4] Despite Plaintiff's burden to demonstrate that this delay is reasonable, his motion is silent on this issue. Accordingly, Plaintiff has not met his burden and his motion is denied.

### 2. Plaintiff's Remaining Issues Are Rejected

Plaintiff sets forth additional substantive arguments for why the Court should relieve him from judgment. These include a substantive argument that he received "indirect and insufficient notice from his union, including being told that he did not need to attend the hearing." (Doc # 25, PageID # 702). These arguments are rejected and because the motion is untimely, need not consider them. However, I briefly address several issues as follows.

First, Plaintiff has represented to the Court in both the Complaint and in his motion for summary judgment that he received notice of the board's proceedings. (*See* Docs # 1, 18). Only now does he argue he did not receive notice. Plaintiff acknowledges this inconsistency in his Motion, where he states: "Plaintiff alleges in his Complaint that he 'was given notice of the hearing before the Board of Adjustment' Pl. Compl. at 3, Doc. No. 1, ¶ 9. The obvious question then is, how could Plaintiff have alleged that he did not receive notice required by the RLA?" (Doc # 25 PageID # 702).

Plaintiff attempts to characterize his notice argument as one differentiating "direct notice" from "indirect notice." But Plaintiff fails to provide any legal support for this difference. Nor does

---

[4] Mr. Sobecki acted diligently once retained—he indicated he filed the motion "within 72 hours of becoming aware of the issues." (Doc # 25, PageID #700–701). Though counsel did not provide this information in an affidavit or other form that could be considered part of an evidentiary record, he made this representation under his obligations in Federal Rule of Civil Procedure 11(b). The Court accepts them as true. Despite this, counsel's diligence makes no difference to the outcome. Plaintiff is still left with his core problem, namely, why seventy-three days passed between the Judgment and filing his Motion.

he explain how these types of notice make a difference here where Plaintiff has already acknowledged multiple times that he received notice. Accordingly, I reject these arguments.

Next, the case Plaintiff relies upon to support his argument that he had insufficient notice, *Cole v. Erie Lackawanna Ry. Co.*, 541 F.2d 528 (6th Cir. 1976), is not applicable to the facts of this case. *Cole* involved a discharged railroad employee who invoked special law board proceedings under the Railway Labor Act to challenge his termination. *Id*. at 529–30.

In *Cole*, the Sixth Circuit found that the plaintiff's employer did not satisfy its obligation to provide the plaintiff with notice in advance of the hearing. There, the plaintiff knew of the hearing date and time. When he asked the defendant whether he could bring a witness or be present himself at the hearing the defendant told him there was "no use" in doing so. *Id*. at 535. The plaintiff tried again to enter the hearing, but the board barred him, explaining that it was holding a "closed door session." *Id*.

The facts of this case are not remotely similar. Here, Plaintiff asked his union whether he should attend the hearing. Plaintiff's union told Plaintiff that it could handle the hearing on Plaintiff's behalf. Plaintiff then chose not to attend. Unlike in *Cole*, here is no evidence that Defendant told Plaintiff not to attend or barred him from attending. *Cole* is therefore not helpful to Plaintiff's case.

## Conclusion

It is, therefore,

ORDERED THAT:

1. Plaintiff's Motion for relief from judgment is denied.

SO ORDERED.

/s/ *James G. Carr*
Sr. U.S. District Judge